UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY D'ORSI, | Case No. 2:22-cv-01749-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security, denying Plaintiff's claim for Social Security benefits. The Court recognizes that many of these cases have a number of factors in common:

1.      Such cases rarely, if ever, require proceedings in the nature of a trial. Instead, these cases are usually resolved by cross-motions to reverse or remand and to affirm the Commissioner's decision.

2.      Sometimes Plaintiff submits new medical reports to the Court in support of a request for remand at such a late date in the proceedings as to cause an unnecessary and undesirable delay in the rendering of a decision by the Court.

3.      The transcript of the evidence adduced at the administrative hearing frequently contains the words "inaudible" or "unintelligible" in some places, and the administrative record sometimes contains documents which are illegible. These parts of the administrative record may or may not relate to the question of whether the Commissioner's decision is supported by substantial evidence.

4.      These cases are automatically assigned to the United States Magistrate Judge for an Order that is appealable to the Ninth Circuit.

5.      Effective December 1, 2022, the Federal Rules of Civil Practice were amended to add Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) except to the extent that they are inconsistent with the Supplemental SSA Rules.  The highlights of the new Supplemental Rules are as follows:

- Outlines specific information that must be included in the complaint;
- Eliminates the need for service under Fed. R. Civ. P. 4, and provides for electronic service on the Commissioner of Social Security by Notice of Electronic Filing sent to the SSA's Office of General Counsel and the United States Attorney Office for the district where the action is filed;
- Provides that the administrative record may serve as the answer to the complaint and shall be filed within 60 days of the receipt of notice of the action; and
- Provides a briefing schedule for the plaintiff's brief (30 days after answer), Commissioner's brief (30 days after plaintiff's brief) and plaintiff's reply brief (14 days after Commissioner's brief).

6.      The parties must indicate in their respective briefs whether (a) they agree to the accuracy of the summaries of medical evidence, Plaintiff's testimony, other testimony provided by the Administrative Law Judge as stated in his/her decision, (b) the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended, and (c) a specification of each page in the administrative record that is partially or totally illegible, and a statement as to whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

7.      Pursuant to 42 U.S.C. § 405(g), remand for reconsideration of new evidence will not be granted unless the evidence is new material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage.  Therefore, if Plaintiff seeks remand for consideration of new evidence, the motion shall include a statement of reasons why the new evidence was not incorporated into the record at an earlier stage.

8.      Failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

DATED this 22nd day of December, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE